United States Court of Appeals
Fifth Circuit

**F I L E D**

September 2, 2003

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**

**For the Fifth Circuit**

_____

No. 03-30382
Summary Calendar

_____

JAMES SMITH,

Plaintiff-Appellant,

VERSUS

CHARLES C. FOTI; C.M. LENSING; BARON KAYLO,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 03-CV-21-D

_____

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

James Smith, Louisiana prisoner # 112969, appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights lawsuit for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The district court determined that some of Smith's claims were barred by the applicable one-year limitations

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

-1-

period and that Smith had failed to show any causal connection between his claims and the named defendants. The magistrate judge denied Smith's motion to appeal in forma pauperis ("IFP") and certified that the appeal was not taken in good faith under 28 U.S.C. § 1915(a)(3) and FED. R. APP. P. 24(a). Smith does not argue that the magistrate judge lacked authority to make such a finding. Smith has filed a motion for leave to appeal IFP.

By moving for leave to appeal IFP, Smith is challenging the magistrate judge's certification. Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997). Smith has not shown that the district court erred in certifying that the appeal was not taken in good faith. Smith makes no argument that the district court erred in determining that some of his claims were time-barred and that he failed to show the requisite causal connection between his claims and the named defendants. By failing to brief the only pertinent issues, he has waived them. Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

This appeal is without arguable merit and is frivolous. Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). Smith's IFP motion is DENIED and this appeal is DISMISSED. See 5TH CIR. R. 42.2; Baugh, 117 F.3d at 202 & n.24.

The dismissal of this appeal counts as one strike for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Smith is WARNED that if he accumulates three strikes, he will not be allowed to proceed IFP in any civil

-2-

action or appeal while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

MOTION DENIED; APPEAL DISMISSED; SANCTIONS WARNING ISSUED.